UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIN PLUMMER ) | Case Number |
| Plaintiff ) | |
| ) | CIVIL COMPLAINT |
| vs. ) | |
| RESURGENT CAPITAL SERVICES ) | JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff, Erin Plummer, by and through his undersigned counsel, Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Erin Plummer, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant transacts business in the commonwealth of Pennsylvania and has a registered office in this district.

## III. PARTIES

4. Plaintiff, Erin Plummer, is an adult natural person residing at 2038 Ranch Avenue, Lebanon, PA 17042.

5. Defendant, Resurgent Capital Services, ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania with a registered address of P. O. Box 10497, Greenville, SC 29603.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. On September 11, 2008, Plaintiff received a phone call from a representative of Defendant about an alleged debt owed by Plaintiff to Old Navy.

8. During the telephone communication, Defendant's agent indicated that Plaintiff has a balance due on this Old Navy account in the amount of $223.59 and demanded that Plaintiff pay this alleged debt.

9. Plaintiff explained to Defendant's agent that the Old Navy account in question has been paid in full since October of 2003 and that there was no further activity whatsoever on this account. Defendant's representative provided no further information to Plaintiff over the phone as to why they were attempting to collect $223.59 on a $36.59 balance which was, in fact, paid in full by Plaintiff more than five (5) years ago.

10. Plaintiff continued to receive phone calls from Defendant over the next several months, specifically, on 9/15/08, 9/16/08, 9/17/08, 9/18/08, 9/21/08, 9/23/08, 9/24/08, 9/25/08, 9/28/08, two calls on 9/29/08, 9/30/08, two calls on 10/1/08, 10/2/08, 10/3/08, 10/4/08, 10/6/08, 107/08, two calls on 10/8/08 and three calls on 10/9/08.

11. Plaintiff sent a certified letter to Defendant, Resurgent Capital Services on November 26, 2008, requesting validation of the debt and providing Defendant with the information regarding her October 2003 payment in full. Said certified mailing was received and signed for by "D. Masters" at Resurgent Capital Services on December 11, 2008. A copy of Plaintiff's November 26, 2008 letter and Defendant's signed certified mail receipt are attached hereto, marked Exhibit "A" and by reference incorporated herein.

12. Plaintiff received no response to her request for validation of the debt. The harassing phone calls from Defendant temporarily abated after their receipt of Plaintiff's letter, however, Defendant has once again begun to contact Plaintiff repeatedly by phone with regard to the alleged Old Navy debt.

13. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequences of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

14. The Defendant acted in a false, deceptive, misleading and unfair manner when they attempted to collect on a debt which is beyond the statute of limitations.

15. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and

their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

16. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

17. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

18. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I – FDCPA

19. The above paragraphs are hereby incorporated herein by reference.

20. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

21. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of §§ 1692 d, d (2), e, e (2), e(10), f, g, g(b)

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant Resurgent Capital Services,. for the following:

a. Declaratory judgment that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the state Act;

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. § 1692k;

d. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

e. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

WARREN & VULLINGS, LLP

Date: January 29, 2009

BY: */s/ Brent Vullings*
Brent Vullings, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA 19111
215-745-9800 Fax 215-745-7880
Attorney for Plaintiff